THOMAS STEWART A826576
Name and Prisoner/Booking Number

MADISON JAIL 21C7
Place of Confinement

225 W. MADISON
Mailing Address

PNIX, AZ 85003
City, State, Zip Code

☒ FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 22 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

A826576

Thomas Stewart
(Full Name of Plaintiff)                    Plaintiff,

vs.                              et.al.

Phoenix Police Department,

Det: DAN STRAAS

Det: Tuttle

Det: Wendy Zeller
(Full Name of Each Defendant)        Defendant(s).

Phoenix Police Department et.al.

CASE NO. CV03 2549 PHX EHC LOA
(To be supplied by the Clerk)

## JURY DEMAND

### CIVIL RIGHTS COMPLAINT
### BY A PRISONER

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   a. ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
   b. ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   c. ☒ Other: (Please specify.) Bell v. Wolfish 99 SCt 1861, 441 520 USNY (1979)

2. Name of Plaintiff: Thomas Stewart    A826576
   Present mailing address: 225 W. Madison St Phoenix AZ, 85003
   (Failure to notify the Court of your change of address may result in dismissal of this action.)

   Institution/city where violation occurred: Phoenix AZ, 9th Ave And Jefferson

550/555

3.  Name of first Defendant: _Def: DAN StraAs_. The first Defendant is employed as:
_Det: Police Department_ at _Phoenix ARiZona_
    (Position and Title)                    (Institution)

The first Defendant is sued in his/her: ☒ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _False testimony_
_To obtain AN indictment, which obtain A Conviction_.

4.  Name of second Defendant: _Det: Tuttle_. The second Defendant is employed as:
_Det: Police Department_ at _PHoenix ARiZana_
    (Position and Title)                    (Institution)

The second Defendant is sued in his/her: ☒ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _Failing To Carry out his_
_Duty AS A ReConstruction Specialist of Collision_.

5.  Name of third Defendant: _Det: Wendy Zeller_. The third Defendant is employed as:
_Det Police Department_ at _PHoenix ARiZana_
    (Position and Title)                    (Institution)

The third Defendant is sued in his/her: ☒ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _Failing To Carry out her_
_Job AS A Collision ReConstruction Specialist_.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____
    (Position and Title)                    (Institution)

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____
        Defendants: _____
        _____

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____

c.  Case or docket number:  _____

d.  Claims raised:  _____
_____
_____

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____

f.  Approximate date lawsuit was filed: _____

g.  Approximate date of disposition:  _____

4.  Second prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____
        Defendants: _____
_____

    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____

    c.  Case or docket number:  _____

    d.  Claims raised:  _____
_____
_____

    e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____

    f.  Approximate date lawsuit was filed: _____

    g.  Approximate date of disposition:  _____

5.  Third prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____
        Defendants: _____
_____

    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____

    c.  Case or docket number:  _____

    d.  Claims raised:  _____
_____
_____

    e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____

    f.  Approximate date lawsuit was filed: _____

    g.  Approximate date of disposition:  _____

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.  The following constitutional or other federal civil right has been violated by the Defendant(s):  The Defendant, Violated my Eighth Amendment, deliberat Indifference, Acting maliciously.

2.  Count I involves: (Check only one; if your claim involves more than one issue, each issue should be stated in a different count)   ☐ Mail   ☐ Access to the court   ☐ Medical care   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation   ☐ Excessive force by an officer   ☐ Threat to safety   ☒ Other:  Negligence.

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).

Detective Straas. Acted Negligence, That is. The Amounts of Recklessness. The Supreme Court has Recently held in Farmer V. Brennan; This is an Act of A Police Officer as a True Bill, of an Indictment. who Told A lie. out Right, who testified at the Grand Jury, that I Premeditated Murder Willie Chapman. without investigating The Crime Scene In Charging me with first Degree murder, falsely Charging me, without any Proof, drove it at his ex-girlfriend. Being in a Jealous Rage. in a word, There is No DNA on the Vehicular. for you to make Statements Such as that, I did not Run Those people over But you people made a Big Scene out of it. geting everybody involved And no one did Their Jobs, And I get to go Too Prison for Something I did't Do, which Constitute Cruel and unusual Punishment, and I lost everything That I had. Because you Did Not Do you Job. Detective Straas, Thank for your unnecessary infliction. of mental Pain.

4.  **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).

Lost of everything. unnecessary infliction of mental Pain, unlawful imprisonment. depriving me of my Constitutional Rights.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☒ No
    b.  Did you submit a request for administrative relief on Count I?   ☐ Yes   ☒ No
    c.  Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☒ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not.  This has Nothen To Do with. Administrative level.

4

STRANS

INDictment No:

(1) of (2)    DEPUTY County ATTORNEY:
          Ann Alexov, ESQ.
          Lee White, ESQ.
          Lisa Kaiser, ESQ.


          Proceedings before The 301st
          Maricopa County Grand Jury
               in RE:
          Thomas Stewart CR.2002-020994,
     Reporter's TRANSCRIPT of Proceedings
               PHoenix ARizona
               December. 19. 2002

ms. ALExov: This is 301 Grand Jury 38.
This is The investigation of Thomas
J.R. Stewart -- that's spelled.
S-T-E-W-A-R-T, This investigation
involve alleged first degree murder,
Leaving the scene of a fatal injury
accident, Three counts of aggravated
assault, one count of leaving the scene
of an injury accident, which occurred
on or about The 18th day of June
of 2002 in maricopa County ARizona,
These following statutes may be
appropriate: ARS. Section. 13-105
604. P., 1101, 1105, 1203, 1204. 28-661
28-663 - 28-3001.

Case 2:03-cv-02549-EHC--LOA   Document 1   Filed 12/22/03   Page 6 of 32

INDICTMENT
STRAAS

Those were All Read to you on
September, 10th of 2002. with All
member of the Grand Jury present
According To our Records. in
addition Copies of those statutes have
been Provided to All members of The
Grand Jury.

Would anyone like to have Any of
those ReRead oR Clarified.
I take it by your silence the Answer
is no. The names of The alleged
victims of this investigation Are
Willy J. Chapman, william F. Thomas
Rachel D. Roberts, oliver J. Robinson
The witness to Testify is Detective
Danial Straas, S-T-R-A-A-S.
And All, To Do with This indictment
Page No (6) Line, 1.—through 25.
Page No: (7). Line, 1.—through 26.
Page No: (8). Line 1.—through 25.
Page No: (9). line 1.—through 25.
Why wasen't there was photos take of
That Crime Scene, And taped off
Page (14). Line, 4. 5, 6, 7, 8, 9, 10, 11, 12.
17. 18, 19, --Through (25)
Page (16). Line 10. ---Through (17).
Page (20) Line (1) ---Through 15
Pager (21). END of indictment

for 11-31-03

11-29-03   Notes

The The Grand jury indictment of
Thomas Stewart, jR. Charged with
Leaving the Scene, 1 Hit/Run w/Death/inj
CLS: Felony 3, 09/14/02 ARS: 28-661.
BOND: $10.000-00,   ARS 13-105 28-661
28-663. july 23rd. 2002.
went before The Grand Jury @ Detective
DANIEL STRAAS with the City of Phoenix
Police department, have been sworn to tell
The truth, testified AS follows, suspect by
The Name of Thomas Stewart involving an
incident that occurred on June 18, 2002 in
The Area of 200 South 9th Avenue Phoenix
Approximately 3:47 in The morning?
A. Yes it did, There were three people, three
victims standing on The Southwest Corner of
9th Av., in The early morning hours, There was
A vehicle, A Cream-Colored pick-up Truck,
SouthBound on 9th Ave. As it Approached,
Jefferson, It had slowed down, it turned its
lights off at that time, Revved its engine,
And Then Traveled Southbound Accross The
Street, And went up onto the Curb of 9th Avenue
And Struck The Three people that were standing
There.
There were one person. a black male that
was Straddling A bicycle at That Time.

Page
(2)

The Truck hit first, Pulling him under The Truck. The Two other Victims were standing There, And he struck each of the other two Victims With The Truck And Proceeded, southbound on the Crub There On 9th, there is A Large, dirt area on the Curb and The a small Sidewalk, he went southbound in the Dirt area, went back out onto 9th Avenue, And Continued southbound, for The State of Arizona Lee white.

Also on September 10th, of 2002, with The members of the Grand Jury Presented, According To your Records, on December 19, 2002, Phoenix Arizona, before The Grand Jury, 301 Jury 38, Reindicted Thomas J. R. Stewart, involves Alleged First Degree murder, leaving The scene of A fatal injury accident. Three Counts of aggravate Assault, one Count of Leaving The scene, of A injury Accident, which Accurred on About June 18th, 2002, in Maricopa County Arizona, following statutes maybe Appropriate A.R.S. Section 13-105 604 P., 1101, 1105, 1203, 1204, 28, 661, 28-663, 28-3001, Arizona Criminal Codes VS Arizona. A.R.S.

PAGE
(3)

These addition, Copies of those Statutes
Provided to all members of the Grand Jury.
would anyone like to have any of
those Reread or Clearified.
I Tnke it by your Silence the answer
is NO. Also Testified Detective Straas
The name of the alleged victims of This
investigation Are willie J. Chapman,
William F. Thomas, Rachel D. Roberts,
Oliver J. Robinson, The witness To Testify
is Detective Daniel Straas.
As you will Learn. Every Time That you
hear A Statement, hearsay evidence, it
has the Tendence to Change, like this
indictment, witnesses. Detectified Straas
he Learned Hearsay, evidence that A
Vehicle was Southbound on 9th Avenue,
And it Stopped at the Corner of Jefferson
9th Avenue, this was 3:00 in the morning
This Vehicle had its lights on when
pulled up To The Corner, turned its lights
off, There was Three people standing on the
Southwest of 9th, Ave, There was A large dirt
Area Just South of the sidewalk at That
Area There, They were Standing in the
dirt Area, There, A Vehicle with its lights
off Stayed there for A very short period
of time.

page (4)

Then gunned The Engine and drove Southbound ACCross Jefferson, up onTo The Curb, ACCross The Sidewalk onto The dirt Area where the Three People were standing. There was one gentlement on a Bicycle, Willie Chapman, The person standing next To him was a William Thomas. And There was A female, Rachel Roberts, They were All standing in Close Proximity of each other. The vehicle went up onto The Sidewalk, ACCross The Dirt Area, struck Willy Chapman, who was still on his bicycle. Chapman and The Bicycle went under The Truck As he hit Chapman, The Driver of The vehicle also hit William Thomas, At This time, Rachel Roberts was standing near The Two, SAW The truck Coming Started moving,

But none of This are fact's Just Rumor's That The Detective Steaas Took it's And RAN AWAY With Too The Grand Jury, And He Even Admite To it, He don't Even know Where he got it from, or who he Got it from, Just Think if I had Taken a plea, I Never would have found This out, ANe Nighter would you have!

Detective Dan Straas testified at The Grand Jury, The first time for leaving The scene of an accident, on Sept 12 and then again on December 19th. In Sept he talk about That there was no Relationship between Stewart and Rachel. And in December 19th you Testified That Rachel and mr. Stewart had a Relationship which you Testified, on page (20) in The indictment, in December 19th, that The fact's of This Case are that the defendant was driving a Truck, drove it at his ex-girlfriend, who was Standing with other men, one of men Died as a Result of being Struck by his Truck, There was nothen like that in The DR, that he stated in The interveiw with peggy Lemoine and also Kirsten Larish and Lenora, Date 10/31/03 time 10:30 11:45. That he did't Know, where he, or who he Got This information from on scene, or from Someone belonged To the Police department, his false Testimony Got me indicted on, first Degree murder. And not only That, you Got me Convicted on Second Degree murder, How Do you like That, and The point is, I Am innocence. A innocence man,

Page (6)

The Witness Gave inconsistent testimony
As well As you.. the Prosecutor's
knowingly used false testimonys To
obtain A Conviction, because she was
also Present During The interview, and
knew of the false Statements, and The
district Attorneys, Also. I feel That They
supervised Their Chief Witnesses in Changing
Their Testimonys After discussing the
Do's and The Don't, To help Justify The
Assumption, of this Application,
which Shell Assis me in A Writ of A
habeas Corpus, All Closed Eye's Are Not
Sleep.
I Loss my freedom of Choice, by The
inherent of Confinement in evaluating
The Constitutionality of Conditions or
Restrictions of Pretrial detention that impliete
only The Protection Against deprivation of
libery without due process of law. We Think
That The proper inquiry is whether those
Condition Amount to Punishment, for under
The Due Process Clause, a detainee may
Not be Punished. Prior to An adjudication
of Guilt in Accordance with. Our Process
of Law. (FN17) [441 u.s. 536]
Ingraham v. Wright 430. us 651, 671. 672
n 40. 674, 97 s. Ct. 1401 1412-1413 N 40, 1414.
51. L Ed. 2d. 711 (1977)

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): The Defendant Violation, of The Due Process Clause of The Fifth Amendmend Right

2.   Count II involves: (Check only one; if your claim involves more than one issue, each issue should be stated in a different count)   ☐ Mail   ☐ Access to the court   ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☒ Other: Freedom, Dere Process Law

3.   Supporting Facts: (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments). Detective Tuttle, And Zeller. Violated my Fifth Amendment Right Due Process Clause Failed To Afford me The proper procedure. And They Are to be held liable for Denying me Reasonable Requirement as Such Procedure As Required. Being A Collision Re Construction Specialist, A Crime Scene Such As This I Am Shore, it Should have Been Approched Differrant, Instead of Relying on A Computer, Now That we Realize That Two Vehicule Were There At Close To The Same time  And The Other Vehicule, Whom was Stated in The 911 Calls A 2 Ton Flat Bed Truck from Washington on 9th, No one looked into That, or did Any measurement. I Am Shore That it would have had The DNA. But You was So Busy Looking At me you Couldnt See the forest for The Trees! All of you Degrees in Collage, Don't mean nothen, Because you Didn't Do your Jobs, Some Vehicule Crime Collision Re Construction Specialist you're, Because you Did't Do your Jobs I gotta go To Prison.

4.   Injury: (State how you have been injured by the actions or inactions of the Defendant(s)). Negligenty, unfairness. Pain and Suffering, Loss of every Thing. Because you did't Do your Jobs.

5.   Administrative Remedies:
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☒ No
   b.   Did you submit a request for administrative relief on Count II?   ☐ Yes   ☒ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☒ No
   d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not.   This has nothen To Do with Admin. Stration level.

5

Det. Tuttle and Zeller.
Both Collision ReConstruction Specialist
Both Detective's Are with The Phoenix
Police Department, Vehicular Crimes unit
who does any of measuring and The Accident
investigation,
Now on June 18th 2002, They Are The
one's who Responded To 9th Ave and
Jefferson Collision, Det. Tuttle, Testifided
At my Trial. To The Courts To mrs Lemoine
for The Defendant, Thomas Stewart JR.
That, There Were Two Vehiculs Tire mark
On The Scene, But he Diden't notice They
Were There until mrs Lemoine Pointed it
out, But he DID NOT investigate the
Surrounding To make Shore What had
happen, Thur far, with him, Are Should I
Add Them, The Both Being, Vehicular Crime
Collision ReConstruction Specialist, So They
did A very Poor Job of Doing An investigat
ion of This Scene, Lost Destroyed or
unPreserved evidence: if you find that
The State of ARizona has Lost, destroyed
or failed To Preserve whose Contents of
Quality Are important to the issues in
This Case,

NO: 1

Then you should weight The explanation,
If Any given for The Lost or unavailability
of The evidence,
if you find That Any such explanation is
inadequate Then you may infer That
The evidence is against The State interest
which may Create Reasonable doubt About
The defendants guilt "
  State V. Willits 96, ARIZ, 184, 393
  P.2d. 274 (1964) <
  State V. Perez 141, ARIZ, 459 687 P.2d.
1214 (1984), if The Vehicular Crime
Collision Reconstruction Specialist had
Done Their Job's The Course of The outcome
of my Trial would have Been differant,
The fact That There was Two Vehicular
on The Scene. And No D.N.A. On, The
Vehicular That I was Driving, or Paint
from The Bike, I Am Shore, The other
Vehicular, That would have Been A
differant Story,
The Detectives failed To Preserve Quality
important evidence, Now The unavailability
of That evidence is Lost, be Cause
People did Not Do Their Job's.
So you're Not such Specialist After All.

NO: 2

## COUNT III

1.  The following constitutional or other federal civil right has been violated by the Defendant(s): _____
    _____
    _____

2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count)      ☐ Mail          ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III. Describe exactly what
    each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing
    legal authority or arguments).
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

4.  **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
    _____
    _____
    _____

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                          ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?            ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
        why you did not. _____

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

I wont The Courts To Award me for. Lost of Every Thing, pain And Sufferment,

My Freedom, Because The PHoenix Police DePartment Did Not Do Their Job, And officer Straas, went To The Grand Jury with lies, False information testifing before The Grand Jury. Knowingly used false Testimony. To indict me. The fact That, He lied, as A True Bill. And I was found Guilty, Due To his information And I have The Documents, of This false information, The Sad part About The whole Thing is None of These police officers, investigated any of it And you'll have degreeis in College,

I Would like The Court To Award me

$10,000,000.00 + PAY All Taxs And Fee

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **12-11-03**
DATE                                    SIGNATURE OF PLAINTIFF

Thomas Stewart    ProPer
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

Thomas Stewart    Pro-Per
(Signature of attorney, if any)

_____

_____

_____

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.

(1)

I.

99 S. Ct. 1861, 441 U.S. 520, Bell V. Wolfish,
( U.S.N.Y. 1979),

Tr. of oral Arg 27; see Stack V. Boyle, 342.
U.S. 1, 4, 72 S. Ct. 1, 3, 96 LEd. 3 (1951) (FN15)
instead, what is at issue when an aspect of
Pretrail detention that is not alleged to
violate any express guarantee of the
Constitution is challenged, is the detainee's
Right to be free from Punishment, see infra, at
1872, and his understandable desire to be as
Comfortable as Possible during his Confinement,
both of which may conceivably coalesce at some
Point, it smeem clear that the court of Appeals
did not Rely on the detainee's Right to be free
from Punishment, but even if it had that Right
does not warrant adoption of that court's
Compelling-Necessary test, see infra, at 1872-
1875, and to the extent the court Relied on
the detainee's desire to be free from discomfort,
it suffices to say that this desire simply does
not Rise to the level of those fundamental
liberty interests delineated in Case such as
Rose V. Wade, 410 U.S. 113, 93 Ch. 705, 35 LE.2d
147 (1973) [441 U.S. 535] Eisenstadt V. Baird
405 U.S. 438, 92 SCt. 1029, 31 L Ed. 349(1972);

99 S.Ct. 1861. 441. U.S. 520 Bell v. Wolfish

II  (U.S. N.Y. 1979)

Stanley v. Illinois 405 U.S. 645, 92 S.Ct.
1208, 31 L. Ed. 2d 551 *1872 (1972);
Griswold v. Connecticut, 381 U.S. 479, 85
S.Ct. 1678, 14 L. Ed. 2d 510 (1965).
Mayer v. Nebraska 262 U.S. 390. 43 S.Ct.
625, 67 L. Ed 1042 (1923). "Tort," under state
Law A Claim for which Relief Can Be Granted.
409 F. 2d. 718 C.A. 2 (1962) The Fourth
Amendment' Id., At 721. The Constitution
Command A "mere" form of Words "Id.,
At 723, OR individual officer form of words
Id., At 710, Wolf v. Colorado,
Supra, 338 U.S. at 44. 69 S.Ct at 1370
Argued That:

(4)

12 F. 3d. 1444, Lemaire v. Maass (C.A.9. (Or.) (1993)

＊ 1444 12. F. 3d. 1444

United States Court of Appeals.

Ninth Circuit.

Samual LeMAIRE, Petitioner.-Appellee,

V.

manfred maass, Superintendant, Respondant-
Appellee.        Appellee,

Samual LeMAIRE, Plantiff-Appellee.

V.

manfred MAASS, Superlendent, Defendant-
Appellee,

Nos. 91-35249, 91-35557.

ARGued And submitted Sept. 15 1992,

Submission Withdraw Oct. 28, 1992.

Resubmitted June 18, 1993,

Opinion July 21, 1993,

Amended, Aug. 13, 1993,

As Amended on Denial of ReHearing
And Suggestion for hearing, En Banc
Dec. 23, 1993

Inmate Brought Civil Right Action, Alleging
unConstitutional Conditions of imPrisonment.
In disciplinary segregation unit. The united States
District of Oregon, Owen M. Panner, C.J., 745
F. Supp. 623 Granted inJunctive Relief.
And Prison Superlendant Appealed. The
Count of Appeals. Trott, Circut Judge, held that
(1) "wantonness"

(11)   12 F. 3d 1444, Lemaire V. Maass, CA. 9 (OR)(1993
in infliction of deprivations on inmate,
which had to be established in order to
prove "Cruel and unusual Punishment"
Consisted of acting maliciously and sadistically
for very Purpose of Causing harm, Rather
then merely acting with deliberate -
indifference, and (2). None of Challenged
Practices, including, Controlled feeding Status,
use of Restraints in Showers, Curtailment of
outside exercise Privleges, use of Quiet
Cells, use of in-Cell Restraints, And Removeal
of Clothing, were unnecessary or imposed on
inmate maliciously or Sadistically or for
Purpose of Causing harm.

   Vacated and Remanded.

   Noonan, Circuit Judge dissenting opinion.

   West Handnote

   [1] Sentencing and Punishment 1532
   350H - - - -
   350HVII Cruel and unusual Punishment
      in Generl.
   350HVII(H) Condition of Confinement
   350HK 1532 in General.
   Formerly 110K 1213. 10(1)
   [2] Civil Rights 243.1 78 - - - -
   (78II Federal Remedies)(78II(B) Civil Action)
   (78II(B) 2 Proceeding)(78K 243 Trial)
      78K 243.1 in General.

III

(12 F. 3d. 1444, Lemaire V. moass (CA9 (OR) 1993)

U.S.C.A. Const Amend. 8.

[3] Sentencing and Punishment ⚓ 1533

350H---)(350HVII Cruel and unusual Punishment
in General)(350HVII(H). Conditions of Confinement)
(350HK1533 Deliberate indifference in General)
(Formerly 110K1213.10(1), U.S.C.A. Const Amend. 8.

[4] Sentencing and Punishment ⚓ 1533)(

350H---)(350HVII Crual and unusual Punishment
General)(350HVII(H) Conditions of Confinement.
(350HK1533 Deliberate indifference in General)
(Formerly 110K1213.10(1), (A)

[1] In Wilson, The Supreme Court made it clear That
an Eighth Amendment Violation cannot exist without
A Culpable state of mind on the Part of The Person
ResPonsible For The deProvation Referring To
Relevant Precedent, including Whitley V. Albers, 475
U.S. 312, 106 S.Ct. 1078, 89 L.Ed. 2d. 251 (1986)
Justice Scalia Said that [T]hese Cases mandate
inquiry into A Prison official's state of mind
when it is Clamed that The official has inflicted
Cruel and unusual Punishment" Wilson, 501 U.S.
At----111 S.Ct at 2324. In so doing. The Court
emphasized that There are Two Parts to The
Test of whether an Alleged deProvation is Cruel
and unusual Punishment.
The first Part of the test is objective was the
Deprivation sufficiently serious?

12 F. 3d 1444, Lemaire v. Maass, (C.A.9 (Or.) 1993)

IV   The Second Part is Subjective:
Did the Officials act with a sufficiently culpable state of mind? Id.

[2] Preliminarly, we note that The district court focused, in its own words, "to the maximum extent possible on objective factors," in connection with "evolving standards of decency that mark the Progress of A maturing society" Quoting Trop v. Dulles, 356 US. 86. 101. 78 S.Ct. 590, 597. 2 L.Ed.2d 630 (1958) the district court's opinion Contains no specific finding of fact or Conclusions whatsoever as to the Requisite state of mind of the officals accused by Lemaire. Instead, each Practice or senction was Judged on what the district Judge Perceived to be its Penological merits, it in this objective sense that the Court Condemns various Practices as demonstration deliberate indifference. The absence of Precise finding or Conclusion as to the Superintendant's, state of mind undercuts the validity of the Courts ultimate Conclusion Regarding, The Eighth Amendment.

B.

[3] [4] Lamaire's allegation Relate to "deprivation That were not specifically part of [his] sentence but were suffered imprisonment" Wilson, 501 US. at ---- 111 S.Ct. at 2323, as such to Be actionable, under the Eighth Amendment. these deprivations must

12.F. 3d 1444, Lemaire v. maass (C.A 9 eur) 1993.)

V Satisfy not only the Objective Component of the Relevant test, i.e., was the deprivation Sufficiently Serious, but also the Subjective Component i.e., was the Offending Conduct wanton Id.at----, 111 S.Ct. at 2324. the second Part of the test, as we have indicated mandates an examination of the State of mind of the Person imposing the deprivation, and That Part of the test is not satisfied unless The Pain which has Been inflicted *1452 is Both "unnecessary and wanton Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc). "It is Obduracy and Wantonness---that Characterize the Conduct Prohibited by the Cruel And unusual Punishment Clause" "Id. at 1527(Quoting Whitley, 475 U.S. at 319, 106 S.Ct. at 1083)

12 F. 3d 1444, Lemaire V. maass, (C.A. 9 (Or.) 1993.)

VI

     The District Court determind that Lemaire was A Prevailing Party" and, Pursuant to 42 U.S.C. § 1988, initially awarded Lemaire attorneys fees in The amount of $93.722, this amount had Been increased by the Court's application of a 1.33 multiplier, Lemaire later Requested and was awarded additional attorney's fees in the amount of $17.230.50 for additional work done after the Period. Covered by the initial award. for word inadvertently omitted in the initial Request For award, and miscellaneous expenses.

Although Lemaire is the sole Plaintiff in this lawsuit, by stipulation of the State the Court's InJunction applies to all Persons similarly situated Because of the state's stipulation. no Class was Certified. (B) The findings of Facts of A district Court. unless They are Clearly erroneous.

Fed. R. Civ. P. 52 (a) A Finding of Fact is not *1451 Clearly erroneous "unless the ReCord leaves us with a definite and firm Conviction that a mistake has Been made"

Hoptowit V. Ray. 682 F. 2d. 1237. 1245. (9th Cir 1982) (Citing United States V. United States. Gypsum Co. 333 U. S. 364. 395, 68 S. Ct. 525 541. 92 L. Ed. 746 (1948).

12 F.3d, 1444, Lemaire V Maass, (CCA9 COR)(1993)

VII

We "Freely Reveiw" a district Courts
Conclusions of Law. Id. as to injunctive
Relief, a district Court has "broad discretion
to fashion Remedies once Constitutional
Violation are found" but We may Reverse if
We determine that The Relief Ordered
Constitutes an abuse of discretion Id.
At 1245-46.

After the district Court Rendered its initial
Opinion On August 3, 1990 The Supreme Courts
decided Certain Key Eighth Amendment Cases
That Refine the test We apply to Claims
that Prison Conditions and Practices Violate
The Eighth Amendment. in Particular,
We Refer To Wilson V Seiter, 501. u.s. 294,
111 S Ct. 2321, 115 L.Ed 271 (1991) And
Hudson V. McMillian, 503 u.s. 1, 112 S Ct
995, 117 L.Ed.2d 156 (1992.

And Refering To Relivant Precedent,
including Whitley V. Albers, 475 u.s. 312,
106 S Ct. 1078, 89 L.Ed 2d 251 (1986).
The official has inflicted Crual and
unusual Punishment" Wilson 501 u.s. at
----111 S.Ct. at 2324. Did The Officials
act with a Sufficiently Culpable state
of mind? Id. "deliberate indifference."
Id---- 111 S.Ct at 2324. Id., At 721

12 F. 3d 1444 Lemaire V. maass (CA.9(or) (1993)

VIII.

"TorT. "under State Law: A Claim for Which Relief Can Be Granted.

409 F. 2d. 718 C.A 2 (1962) The Eighth Amend-ment " Id., At 721, The Constitution, Command A "mere" of words " Id., At 723, or individual officer Form of words Id,, at 710.

Wolf V. Colorado,
  Supra, 338 U.S. at 44. 69 S Ct. at 1370, Argued That:

# INMATE GRIEVANCE FORM

Maricopa County Sheriff's Office
Joseph M. Arpaio, Sheriff

To: _____ Received By _____ Date/Time: _____

From: _____
Inmate Name          Booking #          Facility          Cell/Room          Date

I.   Grievance (To be completed by Inmate): Briefly describe your complaint and a proposed resolution.

_____
Inmate's Signature                    Date

II.  Officer Action Taken:

_____
Officer's Signature          A#          Date/Time

III. This complaint has been resolved informally by the line officer or withdrawn by the inmate.

_____
Inmate's Signature          Booking #          Date

IV.  Shift Supervisor's action and receipt (Informal): I have addressed the nature of the complaint of the above named inmate and have taken the following action:

_____                    return yellow copy to inmate if resolved.
Shift Supervisor's Signature          Date/Time
    ___ Forward to Hearing Officer for file (informally resolved).
    ___ Forward to Hearing Officer as a formal grievance.

_____
Inmate's Signature          Booking #          Date

V.   Bureau Hearing Officer's Response (formal): I have investigated the above grievance and have taken the following action:

_____
Bureau Hearing Officer's Signature          Date/Time

_____
Inmate's Signature          Booking#          Date

To Inmate: If not satisfied with the Hearing Officer's resolution, submit an inmate Institutional Grievance Appeal Form within 24 hours of receipt to the Jail Division Commander through the Hearing Officer.

WHITE - Return to the Hearing Officer upon response   YELLOW - Return to inmate with response   PINK - Retained by inmate upon submittal

5000-239   R5/97

Thomas Stewart.    A826576
Name and Prisoner/Booking Number
MAdiSON St JAil  MARICOPA County
Place of Confinement
225 W MAdiSON Street
Mailing Address
PHoeNix ARizoNA 85003
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
A826576

Thomas Stewart    ,  ) CASE NO. _____
                         )
        Plaintiff,       )
                         )
        vs.              )          APPLICATION TO PROCEED
                         )          *IN FORMA PAUPERIS*
PHoenix Police Depart-   )          BY A PRISONER
ment etal.               )          CIVIL (NON-HABEAS)
        Defendant(s).    )
                         )

I, Thomas Stewart _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1.  Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?  ☐Yes  ☒No  If "Yes," how many have you filed? _____.
    Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?  ☐Yes  ☒No  If "Yes," how many of them? _____.

2.  Are you currently employed at the institution where you are confined?  ☐Yes  ☒No
    If "Yes," state the amount of your pay and where you work. _____
    _____
    _____

3.  Do you receive any other payments from the institution where you are confined?  ☐Yes  ☒No
    If "Yes," state the source and amount of the payments. _____
    _____
    _____

98-ifpciv
Revised 6/98

1

4.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?   ☐Yes   ☒No
    If "Yes," state the sources and amounts of the income, savings, or assets.   _NONE_

    I declare under penalty of perjury that the above information is true and correct.

_12-11-03_
DATE

_Thomas Stewart_
SIGNATURE OF APPLICANT

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _Thomas Stewart JR_ hereby consent to having the designated correctional officials at this institution release to the Court my trust account information. I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).

My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:

(A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B)  the average monthly balance in my account for the six-month period preceding my filing of this action.

My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income. Whenever the amount in my account reaches $10, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full. I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_12-11-03_
DATE

_Thomas Stewart_
SIGNATURE OF APPLICANT

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

A826576
Stewart,
Thomas

I, _Aurelio Berry_ , certify that as of the date applicant signed this application:
(Printed name of official)
The applicant's trust account balance at this institution is:   $ 0.00
The applicant's average monthly deposits during the prior six months is:   $ N/A
The applicant's average monthly balance during the prior six months is:   $ N/A
The attached certified account statement accurately reflects the status of the applicant's account.

_12-16-3_
DATE

_Aurelio Berry_
AUTHORIZED SIGNATURE

_A7305_
TITLE/ID NUMBER

_MCSO_
INSTITUTION

2

```
12/17/03                    Inmate Account Statement                    Page: 1
09:42:53
===============================================================================
Booking Number: A826576        Name: STEWART, THOMAS

   Acct Number: A826576R        Type: REG - Regular Account
                              Status: OPN - Account Open


.....Transaction......                                                    Acct
 Date     Time   Type  Description              Amount         Balance    Sts
-------------------------------------------------------------------------------
06/18/02  20:50:29  I  Init. Funds Dep           $0.00           $0.00    OPN
                                            ------------
                       Ending Balance:           $0.00

>>> NOTE:   Litigation Case # CV03-0449-PHX-CLH(LOA)   -- Balance Due =  $150.00
>>> NOTE:   Litigation Case # CV03-0528-PHX-EHC(LOA)   -- Balance Due =  $150.00

>>> NOTE:   Per Diem Charges                           -- Balance Due =    $0.00

*** NOTE:   Funds available for self bond ==>==>==>==>==>==>==>           $0.00
            (Ending Balance) << OR >> 0

===============================================================================
I hereby accept the above as an accurate statement of all transactions involving
my inmate account(s) while in custody of the Maricopa County Sheriff's Office.


    Inmate Signature:_____    Date:_____

============   * * *  E N D   O F   S T A T E M E N T  * * *   ============
```

## MARICOPA COUNTY SHERIFF'S OFFICE
### JOSEPH M. ARPAIO, SHERIFF

## C E R T I F I C A T I O N

I hereby certify that on this date __DEC 1 7 2003__ _____,

I ____filed __✓__mailed the original and __ONE__ ( ✓ ) copies with the Clerk of the,

__✓_____ United States District Court, D. Arizona.

_____ · Hon _____ United States District Court, D. Arizona.


I further certify that copies of the original have been forwarded to:

_____ Attorney General, State of Arizona.

_____ Judge _____, Superior Court, Maricopa County, State of

Arizona.

_____ County Attorney, Maricopa County, State of Arizona.

_____ Public Defender, Maricopa County, State of Arizona.

_____ Attorney _____.

_____ _____


_____

INMATE LEGAL SERVICES
Maricopa County Sheriff's Office
225 W. Madison Street
Phoenix, AZ  85003